IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PNC BANK, National Association, successor in interest by merger to National City Bank, successor in interest by merger to MidAmerica Bank, fsb,<br><br>      Plaintiff,<br><br>  v.<br><br>OHCMC-Oswego, LLC, an Illinois limited liability company, and CAMILLE O. HOFFMANN,<br><br>      Defendants. | Case No. 13-cv-07952<br><br>Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

This is a diversity foreclosure action brought by Plaintiff PNC Bank against an allegedly defaulting mortgagor, Defendant OHCMC-Oswego, LLC ("Oswego"), and the guarantor of the mortgage, Defendant Camille O. Hoffmann ("Hoffmann").[1] The action is stayed as to Oswego, which filed for Chapter 11 bankruptcy on February 19, 2014. See [23]; [24]. The action remains live as to Hoffmann, however, and her motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) [15] is pending before the Court. For the reasons stated below, the Court grants the motion on Rule 12(b)(6) grounds. The dismissal is without prejudice; Plaintiff is given 21 days to replead its allegations against Hoffmann if it believes that it can cure the deficiencies identified below consistent with its obligations under Federal Rule of Civil Procedure 11. The case remains stayed as to Oswego.

**I.**  **Background**

---

[1] Plaintiff's complaint spells Hoffmann's name with one n; Hoffmann's filings spell her name with two ns. The Court uses the spelling used by Hoffmann.

The following facts are drawn from Plaintiff's complaint and attached exhibits. See [1]. For the purposes of Hoffmann's motion to dismiss, the Court takes as true all well-pleaded allegations set forth in the complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The facts do not appear to be in dispute in any event.

A.  Facts

Plaintiff, successor in interest by merger to both National City Bank and MidAmerica Bank, fsb, is a national banking association that is incorporated in Delaware and is headquartered in Pennsylvania. Oswego is an Illinois limited liability company that is domiciled in Illinois. Oswego's sole member and manager, Oliver-Hoffmann Corporation, is an Illinois corporation that is domiciled in Illinois. Hoffmann is a citizen of Illinois and was at all relevant times domiciled in Illinois.

On or about September 30, 2005, Plaintiff (technically, its predecessor-in-interest MidAmerica Bank) extended credit to Oswego in the form of a $12,350,000.00 loan. An authorized representative of Oswego executed a promissory note in the original principal amount of $12,350,000.00 in favor of MidAmerica Bank. As security for the indebtedness, Oliver-Hoffmann Corporation, as manager of Oswego, executed a mortgage on a parcel of land in Kendall County. Hoffmann signed the mortgage in her capacity as President of Oliver-Hoffmann. See [1] Ex. C Part II. The mortgage was recorded on October 26, 2005.

Over the course of the next several years, the loan documents were modified several times to extend the maturity date of the note. In connection with the fourth such modification, Hoffmann became a guarantor of the loan. Later, on or about February 10, 2010, Hoffmann, Plaintiff, and a representative of Oswego executed a fifth and final modification of the loan documents. Pursuant to that final modification, the maturity date of the note was extended from

June 30, 2009 to November 1, 2010, and the note's interest rate and certain payment terms were amended.

Pursuant to the terms of the note, all amounts due became due immediately at maturity. The terms of the note further provided that Oswego waived all notices of default, demand for payment, and presentment, and, moreover, agreed to pay any and all attorneys' fees and costs that Plaintiff may incur in connection with enforcing its rights under the note.

Plaintiff alleges that it complied with all of its obligations under the terms of the note and guaranty, as modified by all of the Modifications. Plaintiff further alleges that Oswego defaulted under the note by failing to pay off the note when it matured on November 1, 2010, or anytime thereafter.

Notwithstanding the provisions in the note, Plaintiff notified Oswego and Hoffmann of the default and demanded payment of all amounts due and owing on or about November 1, 2010. Neither Oswego nor Hoffmann (or anyone else acting on behalf of Oswego) has made payments to satisfy the amounts due to Plaintiff under the note.

### B. Procedural History[2]

On January 11, 2011, Plaintiff filed a complaint against Oswego and Hoffmann in this

---

[2] Plaintiff's complaint contains some allegations regarding previous litigation, see [1] ¶¶ 20-22, but focuses exclusively on its previous claims against Oswego. Hoffmann furnished the Court with the guaranty, the docket from the Judge Kennelly case, and two court orders in conjunction with her motion to dismiss. See [16]. Plaintiff likewise addressed some aspects of its prior litigation with Hoffmann in its opposition brief, and provided the Court with the guaranty and court orders. See [20]. Usually, to consider matters outside the pleadings, our procedural rules require a court to treat a motion to dismiss as a motion for summary judgment and give the parties a reasonable opportunity to present all material made pertinent to such a motion by Rule 56. See Fed. R. Civ. P. 12(d). However, "[t]aking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); see also *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). Here, the Court may (and does) take judicial notice of the parties' previous litigation. The Court also may (and does) consider the guaranty, which was attached to the motion to dismiss and was referred to in Plaintiff's complaint and is central to its claim. See *Wright v. Assoc. Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir.1994). Additionally, Plaintiff does not object to the submission of the guaranty and indeed submitted the guaranty with its own brief.

Court.  Plaintiff's complaint alleged that Oswego breached the note and that Hoffmann breached the guaranty.  Plaintiff sought recovery of $11,637,303.49 in principal allegedly due under the note, plus default interest, late charges, attorneys' fees, and additional costs.  The case, No. 11-cv-301, was assigned to Judge Kennelly.

In that case, Hoffmann moved to dismiss the count against her under Rule 12(b)(3) because a forum selection clause in the guaranty provided that "all actions arising directly or indirectly as a result or in consequence of this guaranty shall be instituted and litigated only in courts having situs in the County of DuPage, State of Illinois."  See Case No. 11-cv-301 Dkt. [16]; see also [16-1]; [20-1].  After taking briefing from both sides, Judge Kennelly granted the motion and dismissed the count against Hoffmann. See Case No. 11-cv-301 Dkt. [26], [27].  Plaintiff later prevailed on its claim against Oswego.  See Case No. 11-cv-301 Dkt. [53], [62].  Judge Kennelly entered final judgment and closed the case.  See Case No. 11-cv-301 Dkt. [63].  As of July 16, 2013, however, Oswego still owed Plaintiff $10,418,563.39.

Plaintiff pursued its breach of guaranty claim against Hoffmann separately in DuPage County Circuit Court.  On December 11, 2013, Judge Dorothy French Mallen entered a final judgment in favor of Plaintiff and against Hoffmann in the amount of $10,613,320.14.

Prior to entry of judgment against Hoffmann in state court, Plaintiff filed the instant foreclosure action.  See [1].  Plaintiff named as Defendants both Oswego, whom it identifies as the "present owner of the mortgaged premises," [1] ¶ 27(K), and Hoffmann, "whose interest in or lien on the mortgaged real estate is sought to be terminated," *id.* ¶ 27(L), and "whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated."  *Id.* ¶ 27(T).  Plaintiff's complaint does not identify the nature of Hoffmann's interest in, lien on, or right to possess the mortgaged real estate.  See generally [1].

4

Hoffmann filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). See [15]. Hoffmann contends that dismissal for improper venue under Rule 12(b)(3) is required because she is joined as a Defendant solely by virtue of her guaranty, which by its terms requires that actions "arising directly or indirectly" from the guaranty be litigated in DuPage County. See [16] at 2-4. She also contends that the doctrine of collateral estoppel should operate to prevent Plaintiff from "re-litigating Judge Kennelly's ruling that the forum selection clause requires any litigation against her based in any way on the guaranty to be brought in DuPage County. In the alternative, Hoffmann contends that dismissal under Rule 12(b)(6) is required because "the complaint alleges no fact demonstrating what interest Mrs. Hoffmann has in the property subject to the mortgage securing the loan." *Id.* at 5-6.

## II. Discussion

### A. Rule 12(b)(3)

Hoffmann has moved to dismiss the foreclosure claim against her under Rule 12(b)(3) on the basis of a forum-selection clause in the guaranty that she signed. The Seventh Circuit previously held that a Rule 12(b)(3) motion was the proper vehicle for advancing this argument. *Continental Ins. Co. v. M/V ORSULA*, 354 F.3d 603, 606-07 (7th Cir. 2003). However, in December 2013, approximately a month before Hoffmann filed the instant motion, the Supreme Court unanimously held that Rule 12(b)(3) is *not* the proper vehicle to enforce a forum-selection clause because "a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3)." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013). The Supreme Court squarely held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id.* at 580. Notwithstanding this clear

pronouncement from the Supreme Court, neither Plaintiff nor Hoffmann cited *Atlantic Marine* or addressed the factors relevant to the Court's analysis under the *forum non conveniens* doctrine.

Because a Rule 12(b)(3) motion is improper under the circumstances presented here, and because the Court lacks appropriate adversary briefing from the parties that would enable it to address the issue despite the procedural flaw, Hoffmann's Rule 12(b)(3) motion is denied.

**B.     Rule 12(b)(6)**

Hoffmann has moved in the alternative to dismiss the foreclosure action against her pursuant to Rule 12(b)(6). This motion is granted.

To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Here, the complaint cannot survive as to Hoffmann because "the complaint alleges no fact demonstrating what interest Mrs. Hoffmann has in the property subject to the mortgage securing that loan." [16] at 5. Although Plaintiff is correct that the Illinois Mortgage Foreclosure Law allows it to join "any other person" aside from the mortgagor to a foreclosure action, see 735 ILCS 5/15-1501(b), Plaintiff must allege some basis for joining Hoffmann to the

action.  The Illinois Mortgage Foreclosure Act provides a roadmap for foreclosure complaints, see 735 ILCS 5/15-1504(a), and that roadmap, which Plaintiff plainly invoked here, specifically calls for "facts in support" of a plaintiff's claim that a defendant has a right to possess the property.  See 735 ILCS 5/1504(a)(3)(T).  The only facts Plaintiff alleges as to Hoffmann are (1) that she is a citizen of State of Illinois, [1] ¶ 6; (2) that she was at all relevant times domiciled in the State of Illinois, [1] ¶ 6; (3) that she became a guarantor on or about June 30, 2008, [1] ¶ 12; (4) that she executed a fifth modification on or about February 10, 2010, [1] ¶ 13; and (5) that Plaintiff notified her of the default, [1] ¶ 16.  These facts do not plausibly suggest that Hoffman does or even might hold a lien, have an interest in the property, or have a right to possess the property.  Plaintiff's assertion in its brief that "it is possible that Hoffman[n] may possess, or at least claim to possess, some sort of interest in the Property by means of a leasehold, possessory interest, property manager lien, mechanic lien, other lien, or ownership interest," [20] at 6, is not sufficient to raise the possibility of relief above the speculative level or allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

At best, Plaintiff's complaint suggests that Hoffmann may have some interest in the property by virtue of the guaranty.  Yet the plain text of the guaranty (which both Hoffmann and Plaintiff provided to the Court and the validity of which Plaintiff does not challenge) states that "all actions arising directly or indirectly as a result or consequence of this guaranty shall be instituted and litigated only in courts having situs in the County of DuPage, State of Illinois."  It appears from Plaintiff's complaint and briefing that the only solid basis that Plaintiff has for naming Hoffmann as a Defendant in the instant action is her status as a guarantor.  Although that status renders Hoffmann a permissible party for purposes of the Illinois Mortgage Foreclosure

Law, see 735 ILCS 5/15-1501(b)(5), it necessarily means that her involvement in the present action is a direct or indirect result or consequence of the guaranty. Under the plain terms of the guaranty, then, Plaintiff cannot maintain the suit against Hoffmann anywhere other than in DuPage County state court. If Plaintiff wants to "extinguish any possible interest Hoffmann may possess in the real estate in this foreclosure litigation," [20] at 6, it must either articulate that interest in an amended complaint, seek relief based on the guaranty in DuPage County state court, or work out some other arrangement with Hoffmann.[3]

### III. Conclusion

For the reasons stated above, the Court grants Hoffmann's motion to dismiss [15]. The dismissal is without prejudice. Plaintiff is given 21 days to replead its allegations against Hoffmann if it believes that it can cure the deficiencies identified above consistent with its obligations under Federal Rule of Civil Procedure 11. The case remains stayed against Oswego.

Dated: 7/17/2014

Robert M. Dow, Jr.
United States District Judge

---

[3] In its brief, Plaintiff requests that any dismissal of Hoffmann from the suit be conditioned on her execution of a waiver and release of any interest in the property. See [20] at 6. Plaintiff also asserts that Hoffmann has refused its requests that she sign such a waiver. See *id.* Hoffmann for her part contends that she has not refused to sign anything because Plaintiff refused to propose a release for her consideration in the first instance. See [22] at 4; *id.* Ex. A. The Court, which was not involved with the parties' settlement negotiations, declines to impose conditions on the dismissal.